# In the United States Court of Federal Claims

No. 25-1972

Filed: January 6, 2026

|   |
|---|
| **LISA ANN DEWEESE,**<br><br>   *Plaintiff*,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>   *Defendant*. |

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

  Pro se Plaintiff, Lisa Ann Deweese ("Ms. Deweese" or "Plaintiff"), seeks "Declaratory, Injunctive and/or Compensatory judgment against the Child Protective Services [("CPS")] and a judicial review of all CPS cases for all CPS victims." (Compl. at 8, ECF No. 1). Plaintiff styles her complaint as a qui tam action and claims she "is acting as Vox populi and filing on behalf of the US government," and seeks class certification. (*Id.* at 8). Ms. Deweese's elaborate invocations of legal terminology do not amount to a cognizable cause of action. *See* RCFC 12(b)(6). Accordingly, her Complaint is **DISMISSED** for failure to state a claim and lack of subject matter jurisdiction. Plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP Application"), (ECF No. 2), is **GRANTED** for the limited purpose of this dismissal. Plaintiff's Motion to Seal Complaint, (ECF No. 3), is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Clerk is **DIRECTED** to unseal Plaintiff's Complaint, but to leave the corresponding exhibits, (Pl.'s Exs., ECF No. 1-1), sealed as they contain personally identifying and sensitive information.

  A complaint must properly state a claim. RCFC 12(b)(6). To do so, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. It does not suffice that a plaintiff merely names the United States as the defendant pursuant to RCFC 10(a); the allegations must directly implicate the federal government. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). While pro se plaintiffs are held "to less stringent standards[,]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has "no duty . . . to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed.

Cl. 317, 328 (2011) (internal quotations omitted). "[W]hile the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" *Shelkofsky v. United States*, 119 Fed. Cl. 133, 139 (2014) (quoting *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)).

Without alleging a claim against the United States, the Court lacks subject-matter jurisdiction. *Sherwood*, 312 U.S. at 588; RCFC 12(b)(1). Although the Court can and does generously construe pro se claims for relief, it cannot waive jurisdictional restrictions imposed by Congress. *Haines*, 404 U.S. at 520–21; *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). In determining jurisdiction, the Court accepts as true all undisputed factual assertions in the Complaint and draws all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If the Court finds at any time that it lacks subject-matter jurisdiction, it *must* dismiss the action. RCFC 12(h)(3). This Court's limited jurisdiction extends to claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. *Fisher v. United States*, 402 F.3d 1167, 1172–73 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act does not itself create a substantive right enforceable against the United States. *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007).

Ms. Deweese is no stranger to this Court or its jurisdictional requirements. In May 2024, she had a nearly identical claim dismissed for failure to state a claim and lack of subject matter jurisdiction. *Deweese v. United States*, 171 Fed. Cl. 187 (2024), *aff'd*, No. 2024-1791, 2024 WL 5002116 (Fed. Cir. Dec. 6, 2024), *cert. denied*, 145 S. Ct. 1942 (2025), *reh'g denied*, 145 S. Ct. 2811 (2025). Here, Plaintiff lobs a scattershot collection of legal theories—none of which contain factual support. (*See* Compl.). Ms. Deweese once again alleges that she is representing both herself and a class of similarly situated individuals, acting "as Vox Populi," which is not allowable under the Rules of this Court. (*Id.* at 8); RCFC 83.1; *see Deweese*, 171 Fed. Cl. at 2 (explaining that a pro se plaintiff cannot represent a class per RCFC 83.1). Nowhere in Ms. Deweese's forty-seven-page Complaint does she raise a single claim properly before this Court. Instead, she provides nothing more than a catalog of legal provisions and her views regarding CPS.[1]

Ms. Deweese relies exclusively on sweeping characterizations and broad allegations against CPS. (*See e.g.,* Compl. at 22 ("The CPS agents wrongly used HIV positive foster

---

[1] Plaintiff's cited provisions include: 42 U.S.C. § 1983 (Civil action for deprivation of rights); 41 U.S.C. § 7101 (Contract Disputes Act); the "Racketeer Influenced and Corrupt Organizations Act[;]" 18 U.S.C. § 2381 (Treason), § 2384 (Seditious conspiracy), § 2383 (Rebellion or insurrection), § 792–98 (various provisions on espionage and censorship), § 2385 (Advocating overthrow of Government), § 2382 (Misprision of treason), § 2387 (Activities affecting armed forces generally), § 2389 (Recruiting for service against the United States), § 2390 (Enlistment to serve against United States). (Compl. at 3, 4–5, 8–9, 14, 15, ECF No. 1).

children in clinical HIV drug testing."), 23 ("The CPS agency causes the family to become homeless."), 24 ("CPS agents violate the sixth and fourteenth amendments. The religious preference of children in foster care is not even considered during placement."), 25 ("The CPS system attracts too many pedophiles[.]")). The Court is not responsible for filling in the gaps of a claim that lacks supporting facts. *See Ashcroft*, 556 U.S. at 678. Even under the most generous legally permissible interpretation of her Complaint, Ms. Deweese's claims fail. CPS is not a federal agency. (*See* Compl. at 16–46). Rather, child protective services and corresponding agencies are managed by the states.[2] As a result, Ms. Deweese's Complaint does not actually identify a defendant, let alone allege any actions that directly implicate the federal government. *See Sherwood*, 312 U.S. 588; *Bowles v. United States*, No. 24-1260, 2024 WL 3861735, at *2 (Fed. Cl. Aug. 19, 2024) (dismissing claims involving state child protective services because the United States does not directly oversee those agencies), *aff'd sub nom. Bowles v. United States*, No. 2024-2354, 2025 WL 1375660 (Fed. Cir. May 13, 2025). Even if CPS *were* a federal agency, Ms. Deweese still does not raise a money-mandating claim other than a vague demand for "restitution, damages for injuries and/or compensation to the victims of the CPS . . . ." (Compl. at 46). This is not sufficient to establish a claim under the Tucker Act, which does not itself establish a substantive right enforceable against the United States. 28 U.S.C. § 1491(a)(1); *see Ferreiro*, 501 F.3d at 1351.

Leaving no stone unturned, Plaintiff also styles her Complaint as a qui tam action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–33. (Compl. at 5–7). Accordingly, she filed her documents under seal. (Compl. at 7; Pl.'s Exs.). Plaintiff states that by doing so, her Complaint "is sealed from public view and, importantly, from the defendant." (Compl. at 7). While indeed sealed from public view, her Complaint is not—and never was—a secret from the United States, the defendant in this case. The FCA is a fraud prevention statute that allows individuals, called "relators[,]" to sue on behalf of the government to recover civil penalties. *See* 31 U.S.C. §§ 3729–33. "[T]he relator must prove: (1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Landau v. Lucasti*, 680 F. Supp. 2d 659, 665 (D.N.J. 2010) (citations omitted); *Young-Montenay, Inc. v. United States*, 15 F.3d 1040 (Fed. Cir. 1994); 31 U.S.C. § 3729. The Court of Federal Claims very rarely has jurisdiction over FCA cases. *See* 28 U.S.C. § 1491 (Tucker Act); 31 U.S.C. § 3732 (False claims jurisdiction); *see e.g., Quinones v. United States*, No. 24-810, 2025 WL 3264829 (Fed. Cl. Nov. 21, 2025) (involving counterclaim for an erroneous refund).

---

[2] State child welfare agencies are required to adhere to federal laws and do partially rely on federal funding. CHILD WELFARE INFORMATION GATEWAY, Funding Laws, and Policies, https://www.childwelfare.gov (last visited Jan. 2, 2026) [https://perma.cc/F227-DWCF]. However, this is not sufficient to establish jurisdiction in the Court of Federal Claims. *See Katz v. Cisneros*, 16 F.3d 1204, 1210 (Fed. Cir. 1994).

Ms. Deweese's FCA arguments are largely unintelligible. (*See* Compl. at 5–8).[3] She claims that "[CPS] agents knowingly submit false certifications to obtain government contracts. The CPS agents present breached contracts to the parents and force them to sign them knowing that they are not presented word for word and incorrectly presented." (*Id.* at 17–18). These general allegations do not fulfill the fundamental requirements for establishing a qui tam action under the FCA, let alone an action narrowly tailored to this Court's jurisdiction. Even so, a federal "Child Protection Services" agency does not exist. (*See id.* at 17). Therefore, there is no reason Ms. Deweese's Complaint should remain sealed. *See* RCFC 5.2. Her exhibits, however, contain unredacted, personal identifying information and will remain sealed as a result.

Ms. Deweese may feel aggrieved, but feelings alone do not establish a cognizable legal claim. Plaintiff's pleading identifies no viable cause of action against the United States. Her claim is therefore **DISMISSED** for failure to state a claim and lack of subject-matter jurisdiction. Plaintiff's IFP Application, (ECF No. 2), is **GRANTED** for the limited purpose of this dismissal. Plaintiff's Motion to Seal Complaint, (ECF No. 3), is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Clerk is **DIRECTED** to unseal Plaintiff's Complaint, but to leave the corresponding exhibits, (ECF No. 1-1), sealed.

The Clerk **SHALL** enter judgment accordingly. The Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[4]

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[3] The Court also notes that much of Plaintiff's Complaint appears to have been copied and pasted portions from another source. (*See e.g.* Compl. at 33 ("This brief will analyze conditions contributing to the over-prescription of Psychotripics in foster care systems, identify promising interventions, present case studies of state interventions, and offer policy suggestions ranked by potential impact and ease of implementation.")).

[4] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.